GOLDBERG, STINNETT, DAVIS & LINCHEY
A Professional Corporation
DENNIS D. DAVIS, ESQ. CA Bar #070591
44 Montgomery Street, Suite 850
San Francisco, CA 94104
Telephone: (415) 362-5045
Facsimile: (415) 362-2392

Attorneys for Mohamed Poonja, Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: | Case No. 08-53287-SLJ |
| MESATRONIC USA, INC., | Chapter 7 |
| Debtor. | |

### APPLICATION TO COMPROMISE CONTROVERSY WITH INTERNATIONAL CONTACT TECHNOLOGIES, INC. AND PAUL GEARY

Mohamed Poonja, Trustee ("Trustee") has entered into an agreement with International Contact Technologies Incorporated ("ICT") and Paul Geary. On February 19, 2009, Trustee filed a complaint against ICT to recover the unpaid balance of a bid made by ICT to purchase estate property. On December 8, 2010, judgment was entered in favor of the Trustee against ICT for the sum of $97,399. On February 25, 2011 the court awarded costs to the Trustee against ICT for the sum of $2,011.90. On November 14, 2011 the Court held ICT in contempt for failure to comply with an order compelling post-judgment discovery, and ordered ICT to pay sanctions to the Court in the amount of $500 per day beginning September 24, 2011, until the contempt was cured. The trustee has agreed to compromise the estate's claims against ICT for payment in the sum of $80,000, $25,000 of which has been paid, with $30,000 due on or before June 30, 2012 and $25,000 due on or before October 31, 2012. In addition, the Trustee has agreed to take no steps to enforce the Order

Case: 08-53287    Doc# 54    Filed: 03/12/12    Entered: 03/12/12 10:09:26    Page 1 of 3

holding ICT in contempt. In addition, Paul Geary, a shareholder of ICT, has agreed to be personally liable for payment of the settlement obligation.

Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides that "on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." In general, compromises are favored in bankruptcy cases. *See John S. Marandas, P.C. v. Bishop (In re Sassalos),* 160 B.R. 646, 653 (D. Or. 1993). However, a court should approve a settlement only if "the settlement is fair and equitable and in the best interest of the estate." *Connecticut Gen. Life Ins. Co. v. United Companies Fin. Corp. (Matter of Foster Mortgage Corp.)*, 68 F.3d 914, 917 (5th Cir. 1995). The court must compare the terms of the compromise with the likely rewards of litigation. *See American Can Co. v. Herpel (Matter of Jackson Brewing Co.)*, 624 F.2d 605, 607-08 (5th Cir. 1990).

In deciding whether a settlement is fair and equitable and in the best interests of creditors, courts apply the following four-part test: "(a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.),* 898 F.2d 1544, 1549 (11th Cir. 1990), *cert. denied,* 498 U.S. 959 (1990); *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied*, 479 U.S. 854 (1986).

The Trustee believes that the compromise is in the best interest of the estate because the trustee has encountered difficulties in collection of the judgment. ICT is an out of state corporation and has resisted all efforts to disclose the nature and extent of its assets. ICT is paying about 80% of the judgment in this settlement, and the cost of collection would probably exceed the amount given up by way of settlement.

WHEREFORE, the Trustee requests that the Court approve the compromise of controversy as

///

///

133911

Case: 08-53287    Doc# 54    Filed: 03/12/12    Entered: 03/12/12 10:09:26    Page 2 of 3

1    indicated hereinabove.

2    DATED:  March 8, 2012                    GOLDBERG, STINNETT, DAVIS & LINCHEY
                                             A Professional Corporation
3

4
                                             By:      /s/ Dennis D. Davis
5                                                     Attorneys for Mohamed Poonja, Trustee

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

133911